# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-60372
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2023

Lyle W. Cayce
Clerk

Michael C. Jackson,

*Petitioner—Appellant*,

*versus*

FCI-Yazoo City Medium Warden,

*Respondent—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-100

———————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Michael Casey Jackson, federal prisoner # 26116-039, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his conviction for unlawful imprisonment. The district court dismissed the petition because Jackson did not satisfy the savings clause of 28 U.S.C. § 2255. The court

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60372

subsequently denied Jackson's motion for relief under Federal Rule of Civil Procedure 59(e).

Section 2255's savings clause permits prisoners to challenge the validity of their convictions under § 2241 if they show that § 2255's remedy "is inadequate or ineffective." 28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause applies if the petitioner's claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. The district court correctly concluded that Jackson does not meet either criterion. Thus, Jackson also fails to show an abuse of discretion on his Rule 59(e) motion. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

AFFIRMED.